Spear, J.
The principal question involved in this case is with respect to the application to the action of the council of section 2702, Revised Statutes, now incorporated as section 1536-205, the pertinent provision of which, is: “No contract, agreement or ■•other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the expenditure of money, be passed by the council * * * of a municipal* corporation, unless the auditor * * * and if there is no auditor, the clerk thereof, shall first certify to council that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose; * * * and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed contrary to the provisions of this section shall be void.” It is the contention of plaintiffs in error that the resolution of the council is not within the scope or purpose of the above quoted section because the resolution contemplated not an immediate expenditure of the *23 funds of the corporation bnt an annual appropriation which would enter into the annual budget of taxes, and become a part of the running expense of the municipality belonging to the library fund, while the opposite contention is that the attempt of council, by its resolution, to make an agreement with Mr. Carnegie binding upon its successors forever is wholly beyond its power, and that the clerk of the village had not certified that the money required to maintain a free public library at the cost of not less than a thousand dollars a year was in the village treasury to the credit of the proper fund, and that in fact.no such sum was in the treasury, which latter proposition was maintained by the circuit court, and that court held that the resolution involved the expenditure of public money within the inhibition of the section of the statute above quoted, and was therefore invalid.
It seems to us that the first proposition of counsel for defendants in error presents a purely academic question, and one which it is not at all necessary to decide or discuss here. Whether or not the present council could, as to the matter of tax-levy and appropriation of money for maintaining a free library, bind their successors for all time, might arise, should circumstances cause litigation involving that question, but so long as the proposed donor of the money for the library building is satisfied with the passage of the resolution indicated by his offer, it cannot be the duty of the courts to try to discourage , the gift by anticipating a question not necessarily involved in the pending controversy.
Is the resolution of council forbidden by the statute? Is it, within the meaning of the clause *24 quoted, a contract or obligation “involving the expenditure of money?” Although a casual reading of the clause, and giving to it a literal construction, might lead to the conclusion that the. section has application to the present case, yet, upon reflection, we are constrained to think that the contract or obligation, whatever it may be, is not one involving the expenditure of money within the meaning of this clause. The section has been under review a number of times in this court and its general scope and purpose considered and defined. In Elster v. Springfield, 49 Ohio St., 82, it is held that section 2702 “is intended for the protection of taxpayers by checking municipal extravagance and the incurring of indebtedness.” It is said by Minshall, J., in Cincinnati v. Holmes, 56 Ohio St., 104, that the plain purpose of this law is “to prevent the incurring of an indebtedness by a municipal corporation beyond the ordinary resources of its revenue and whereby an annual excess of indebtedness will be created over these revenues. But it has not the vigor of a constitutional provision, and cannot therefore apply to a statute that not only authorizes the making of a particular kind of improvement, but also provides the mode and manner in which the funds are to be raised to defray the .costs and expense of it. Under this statute the burden of the taxpayer will neither be increased nor diminished by the time when the contract is let for the work of the improvement. The making of the contract has reference, for its performance on the part of the village, to a fund to be raised by taxation and assessment, authorized by the act for the particular purpose, and which can be applied to no other. *25 * * * Where a contract is made to be discharged from a general fund that may be applied to a variety of purposes, more obligations may be incurred by way of anticipation than can be discharged from it, thus causing an annual deficit, to meet which increased taxation must be resorted to. * * * Here, however, the fund to be raised is appropriated by the statute to a particular improvement; and all taxation and assessment authorized must be limited to the costs and expenses of the improvement. All the limitations in this regard are in the statute.” In Comstock v. Nelsonville, 61 Ohio St., 288, Burket, J., speaking of this section of the statute, says that “the object of the general assembly evidently was to compel municipalities to have the money in the treasury before appropriating or spending it. This can only apply to money raised, or to be raised, by a levy on the general tax list of the municipality. If the money is to be provided, in the first instance, by taxation, it must be collected and in the treasury before it can be appropriated or expended either by ordinance, resolution, order, contract, agreement or other obligation.”
No one doubts that ample provision is made by statute for the establishment and maintenance of a free public library by a municipal corporation. Section 1536-100, clause 22, gives power to establish, maintain and regulate, and to acquire property by purchase, gift, devise, or appropriation for the purpose; section 1536-103 gives specific authority to any municipal corporation to appropriate land for a library site; sections 1536-102 and 1536-192, give power to levy and collect taxes for any municipal purpose. Section 1536-934 gives specific authority *26 to levy a tax, not exceeding one mill on the dollar of the taxable property of the municipality, in aid of a free public library, and (by section 4002-39) the money thus raised to constitute a library fund and to be kept separate and apart from other money of the corporation. So that the legislative intent and policy respecting the subject of free public libraries is .clear, and the right of council in furtherance of this purpose to accept voluntary aid in its accomplishment is not open to question. It being manifestly within the power of council in this case to provide by taxation for the construction of a library building and for the maintenance of a library therein, it cannot be against the policy of the law, as it certainly is not against its letter, for council, by resolution, to accept the tender of a gift of money for the construction of the building, thus relieving the taxpayers of that burden and furthering to that extent the general purpose. Unless, therefore, such acceptance offends against the clear provisions of the section in question, construed in the light of what has preceded, it ought not to be held invalid. We think it does not so offend. It is not made to appear that the result contemplates municipal extravagance, nor the incurring of indebtedness beyond the ordinary resources of the village revenues, for provision to meet the expense of equipment and maintenance has been made by a sufficient levy authorized by law, not in excess of one mill on the dollar, and which cannot be applied to any other purpose; nor does this resolution appropriate or expend the moneys of the municipality. It is but a preliminary step necessarily preceding any order for the payment of money. It is to be followed by *27 •an ordinance establishing the library; that by the appointment by the mayor of trustees, then the levy which has been made, and finally the appropriation of the money so raised for the purpose expressed; and the contracts by the board for the equipment of the library and the administration of its affairs. If, when these last steps are proposed to be taken, the money has not been properly certified as being in the treasury to meet the expense contemplated, there will be abundant opportunity to interpose the check of the statute; until then the effort is, we think, premature.
Recurring again to section 1536-100, it is significant to note that clause 22, before cited, gives power to provide for the rent and compensation for the use of any existing free public library, and the following clause gives like power with respect to an existing free public hospital. It would be impossible to execute this power unless there had been some preceding resolution or agreement. The same may be said with respect to section 1536-934, which gives authority to levy a tax not exceeding one mill on the dollar and pay the same to a private corporation or association maintaining a free public library for the benefit of the inhabitants of the municipality for compensation and for use and maintenance of the library, which section equally contemplates some previous agreement between the municipal corporation and the library authorities. These sections cannot be reconciled with section 2702 construed as claimed by counsel for defendants in error, but give color to the opposite construction.
Ryan v. Hoffman, Auditor, 26 Ohio St., 109, is cited as supporting the claim of defendants in error. *28 One of the contentions in that case was with respect to the validity of an ordinance which related to the expenditure of money by appropriating it. We have no such case. Nor does the case of Elyria Gas Company v. Elyria, 57 Ohio St., 374, rule the case at bar. The issue there was respecting the action of council in the adoption of an ordinance providing for the sale of bonds of the city to establish waterworks which it was alleged was an unlawful exercise and an abuse of corporate power. The court sustained this claim and held that, inasmuch as the expenditure of the fund when raised would be a misapplication of public money, and that the rights of purchasers would be involved by the sale of the bonds, a suit might be maintained to enjoin without waiting until the bonds should be sold and the fund thus raised. The precise question we have has not been heretofore made in any reported case) in this court, nor so far as we are advised in any of the courts of the state, but a case involving a question nearly related to it was presented in Braman v. Elyria, 5 O. C. C. R., N. S., 387 (affirmed by this court, 73 Ohio St., 346), opinion by Winch, J., where the application of section 2702 to a proceeding by a municipal corporation for a street improvement is considered and ably discussed, the holding being that the certificate of the clerk referred to in the statute is not required until just before the contract letting the work is signed by the municipal authorities.
Objection is made that this error proceeding cannot be maintained by the library trustees because the judgments below are not prejudicial to them, but if any one is injured by the judgments below it is the village, and a considerable portion of the brief *29 of the defendants in error, who were plaintiffs below, is devoted to an ingenious argument in support of the proposition. We think the point is not well taken. It was believed by these parties when they commenced and conducted their action in the common pleas that the trustees were necessary parties, and they procured an injunction forbidding a performance by them of a public duty which but for that injunction they would have proceeded to perform. The objection comes late, and we think lacks substance. It is not claimed that all the proper parties are not before the court. The village was a party in the courts below and is a party here. It does not contest the claim of plaintiffs in error, and its rights can be as justly settled in this proceeding as in any other.
We are of opinion that the answer of the trustees makes a good defense to the petition, and that the demurrer should have been overruled. We are farther of opinion that, upon the whole case presented by the record, the plaintiffs below were not entitled to any relief. The judgments below will be reversed, the injunction dissolved, and the petition below dismissed.

Reversed.

Shattck, O. J., Price, Crew, Summers and Davis, JJ., concur. \